IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT LOVE, et al., )
)
        Plaintiffs, )
)
   v. ) C.A. No. 22-004 (VAC)
)
COLLINS SEITZ, et al., )
)
        Defendants. )

## MEMORANDUM OPINION

Robert Love and Raquan Womack, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiffs.

July 11, 2022
Wilmington, Delaware

**CONNOLLY, CHIEF JUDGE:**

Plaintiffs Robert Love and Raquan Womack, along with several other pretrial detainees at the Howard R. Young Correctional Institution in Wilmington, Delaware, commenced this action on January 3, 2022.[1] (D.I. 2). Plaintiffs appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 13, 17). Also pending are motions filed by dismissed Plaintiff DiAndre Willis. (D.I. 25, 26). This Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiffs allege that violations of the Fifth, Sixth, Eighth, and Fourteenth Amendment rights occurred from March 16, 2020 through May 26, 2021. Named Defendants are Delaware Supreme Court Justice Collins Seitz, New Castle County Superior Court, Delaware Family Court, attorney Benjamin Gifford, Delaware Supreme Court Justices, and the State of Delaware. Plaintiffs seek compensatory damages and injunctive relief.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

---

[1] All other Plaintiffs are dismissed.

1

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

### III.  DISCUSSION

#### A.  State Actor

Benjamin Gifford, an attorney, will be dismissed as a defendant. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The Court takes judicial notice that Gifford is an attorney in private practice. There are no allegations that Gifford is a state actor or clothed with the authority of state law. In fact, there are no allegations in the Complaint directed towards Gifford.

Therefore, all claims against Gifford will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

**B.     Immunity**

The remaining Defendants are immune from suit. The State of Delaware, the New Castle County Superior Court, and the New Castle Family Court are state entities and thus immune from monetary relief suit under the Eleventh Amendment. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). In addition, Defendants are not persons as is required to state a 42 U.S.C. § 1983 claim. *See West v. Atkins*, 487 U.S. at 48. Therefore, the foregoing Defendants will be dismissed.

Plaintiffs also sue Collins J. Seitz, Jr., Chief Justice of the Delaware Supreme Court, Delaware Supreme Court Justices, New Castle County Superior Court Commissioner/Judge, and Family Court Commissioners. As alleged, Plaintiffs take exception to actions taken and orders entered by the foregoing judges in dealing with the COVID-19 pandemic and its effects upon court proceedings and criminal cases. The foregoing judges have judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted). There are no facts to show that any of the judges acted in the absence of jurisdiction. They are immune from suit and will be dismissed.

## IV.     MOTIONS

Plaintiff DiAndre L. Willis voluntarily dismissed his claims. (D.I. 23, 24) When he discovered that he remained responsible for payment of the filing fee, he asked to be reinstated as a Plaintiff. (D.I. 25) He also requests counsel. (D.I. 26) The Complaint will be dismissed and amendment is futile. Therefore, the motions will be denied as moot.

## V.      CONCLUSION

For the above reasons, the Court will: (1) deny as moot the motions filed by DiAndre L. Willis (D.I. 25, 26); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii) and § 1915A(b)(1), (2).

An appropriate Order will be entered.